## EMERICK *vs.* KOHLER.

It is the settled doctrine, in this state, that where the description in a deed clearly designates a piece of land as that conveyed, the description cannot be departed from by parol evidence of intent, or of acquiescence in another boundary line ; unless such an adverse possession be shown as is in itself a bar to an ejectment.

Where, in an action of ejectment, the line contended for by the defendant is clearly shown to be erroneous, no acquiescence by the plaintiff, short of twenty years, will bar a recovery according to the true line; unless there be an *estoppel in pais.*

APPEAL from a judgment entered on the report of a referee. The action was brought to recover the possession of a strip of land 32 chains and 33 links long, east and west, and one chain wide at the east, and one chain and 10 links at the west ends, being part of military lot No. 39, in the town of Fayette, Seneca county. The action was, by consent of the parties, referred to James K. Richardson, Esq., to hear and determine. The cause was tried before the referee, who reported in favor of the plaintiff, and judgment was thereupon rendered that the plaintiff recover possession of the premises in question, with costs. The defendant made a case, and brought the present appeal.

*J. B. Murray,* for the appellant.

*A. T. Knox,* for the respondent.

*By the Court,* WELLES, J. The facts found by the referee are, in my judgment, sustained by the evidence; at least, there was evidence given so strongly tending to sustain such findings as to render it improper for this court to interfere with them. Upon those facts the plaintiff was entitled to recover. Stephen Cook was the common source of title of both parties. On the 10th day of July, 1837, by deed of that date, Cook and wife conveyed to the plaintiff, by metes, courses and distances, a piece of land, being a part of military

lot No. 39, in the town of Fayette, Seneca county.  The description of the premises conveyed by that deed has a precise and certain place of beginning, viz : a point in the west line of said lot No. 39, nine chains and 62½ links south from the northwest corner of said lot.  This starting point is rendered still more certain by reference to a fixed, permanent natural object; as, the first line from the place of beginning runs east to a certain known black oak tree.  The precise starting point in the west line of the lot must therefore be where a line running west from the black oak tree intersects the west line of the lot.

From the black oak tree the line proceeds north, 9 chains and 62½ links, to the north line of the lot.  Then east on said line, 7 chains and 12 links ; then south, 7 chains ; then east, 9 chains and 28½ links ; then north, 7 chains to the north line of the lot ; then east, on said north line, 6 chains and 80 links to a stone ; then south, 25 chains to a stone ; then east, 39 chains and 4 links to a stake in the east line of said lot ; then south, on said east line, 6 chains and 18 links to a stake ; then west, 39 chains and 7 links to a stake ; then north, 3 chains and 76 links to a stake ; then west, 32 chains and 33 links to the west line of the lot, to a stake in the center of the road ; then north, on said west line, 17 chains and 89 links to the place of beginning, containing one hundred acres of land.  Upon receiving his deed, the plaintiff entered into immediate possession of the premises thus described, except the part in controversy in this action, and has remained in possession ever since, by his tenant.

On the 3d day of July, 1840, Cook and wife conveyed to the defendant by deed of that date another portion of said lot No. 39, described as follows, viz : "bounded on the west by the center of the highway, which is the west line of said lot ; on the north, by a part of said lot, now or lately owned by John Emerick ; on the east by land of John Gambee, and on the south by land of Solomon Savage, and containing 58 acres of land, more or less."  The defendant entered into the

Emerick *v.* Kobler.

possession of the premises so conveyed to him, in 1838, under a contract to purchase, and continued in possession after the conveyance to him.(*a*)

It is plain that the defendant's north line is the plaintiff's south line, the latter of which is to be first established in order to determine where the former is. There can be no doubt but the plaintiff's south line can be ascertained from the description in his deed from Cook and wife, with absolute mathematical certainty. On this subject, evidence was given before the referee, who has found that the defendant is in possession of a strip of the land described in the deed to the

(*a*) Map of premises in question:

plaintiff, which strip is 32 chains and 33 links long east and west, and one chain wide at the east, and one chain and ten and three-fourths links at the west end, and lying between the fence hereafter mentioned on the north and the plaintiff's south line, according to the description in his deed.

The report also shows that in 1839 one Bachman, the tenant of the plaintiff, and the defendant, erected a division fence between the land of the plaintiff and that of the defendant, extending from the Lusk road, so called, on the east, to another road on the west side of the lot, the distance from road to road being 32 chains and 33 links. That this fence was erected on a line surveyed by John Burton, a few weeks previous to the date of the deed from Cook and wife to the plaintiff, and which Burton then *estimated* to be far enough south to embrace the 100 acres intended to be conveyed to the plaintiff, the other boundary lines being established. That when the deed to the plaintiff was executed, the premises, as described in it, were made to extend farther south than the line previously surveyed by Burton, and so as to include the strip of land now in dispute. That the area of the premises as described in the plaintiff's deed is $99\frac{60}{100}$ acres. That had the description in the deed conformed to the previous survey, (by Burton,) the area would be $96\frac{20}{100}$ acres. That since the erection of said fence, the plaintiff, by his tenant, has been in the actual occupancy of the premises lying north of the fence, and the defendant of the premises south of it, down to the time of the trial. That the plaintiff was cognizant of the erection of the fence and frequently saw it afterwards.

The counsel for the defendant claims that these facts show an acquiescence on the part of the plaintiff in the line run by Burton previous to the execution of the deed by Cook and wife to the plaintiff, from the time of the building of the fence on that line, in 1839, down to the time of the commencement of the present action in 1856, a period of seventeen years; and that he should not now be permitted to set up a title in-

Emerick *v.* Kohler.

consistent with that line, or to repudiate it as the true division line between the parties.

I think it may now be regarded as the settled doctrine in this state, that where the description in a deed clearly designates a piece of land as that conveyed, the description cannot be departed from by parol evidence of intent, or of acquiescence in another boundary line, unless such an adverse posession be shown as is in itself a bar to an ejectment. (*Clark* v. *Baird,* 5 *Seld.* 183–204.) The line contended for by the defendant is clearly shown to have been an erroneous one, and no acquiescence, in such a case, short of twenty years, can bar a recovery according to the true line. To hold otherwise would be, in effect, to abrogate the statute requiring conveyances of land to be by deed, or writing under seal. I desire to be understood to refer exclusively to cases where the doctrine of *estoppel in pais* cannot properly be applied; as, for example, where one party, acting upon the faith of the agreement, express or implied, which is the foundation of every acquiescence, has made expensive improvements, the benefits of which he will lose if the line is disturbed. In such and similar cases, the acquiescence, to be effectual, does not depend upon the length of time it has continued, so much as upon the question, whether the acts were done and expenses incurred upon the faith of the express or implied agreement. (*Baldwin* v. *Brown,* 16 *N. Y. R.* 359, 364.)

In the present case there is nothing which can amount to an *estoppel,* to conclude the plaintiff from insisting upon the true line, according to his deed.

We think the judgment is in all respects right, and should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson* Justices.]